IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEDRA JOHNSON, )
)
    Plaintiff, )
)
vs. )
) Case No. 1:17-cv-09215
DAVIS STAFFING, INC. and TOWER )
AUTOMOTIVE OPERATIONS USA I, LLC, )
)
    Defendants. )
)
)

## ANSWER

Defendant, Tower Automotive Operations USA I, LLC ("Tower"), responds to Plaintiff Nedra Johnson's Complaint as follows:

### NATURE OF THE ACTION

1. This is an action for sex discrimination and for retaliation pursuant to Title VII Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII").

**ANSWER:** Tower admits that Plaintiff pleads the causes of action set forth in Paragraph 1 of this Complaint. Tower affirmatively denies that it is liable to Plaintiff in any way and further denies all remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1343.

**ANSWER:** Tower admits that this Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. Tower denies the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants Davis Staffing, Inc. ("Davis Staffing") and Tower Automotive Operations USA, I, LLC ("Tower") regularly conduct business in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**ANSWER:** Tower admits that venue is appropriate in this district because the allegations set forth in Plaintiff's Complaint occurred in this district. Tower affirmatively denies committing any wrongdoing and denies any remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

4. Plaintiff Nedra Johnson is a female resident of Indiana.

**ANSWER:** Tower lacks sufficient knowledge to form a belief as to the allegations set forth in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. At all relevant times, Plaintiff was an "employee" of Davis Staffing and Tower, as that term is defined in 42 U.S.C. §§ 2000e(f).

**ANSWER:** Tower denies that Plaintiff was ever an employee of Tower. Tower lacks sufficient knowledge to form a belief as to the remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. Defendant Davis Staffing is and at all relevant times has been an Illinois corporation. At all relevant times Davis Staffing has been an "employment agency" as that term is defined in 42 U.S.C. § 2000e(c).

**ANSWER:** Tower lacks sufficient knowledge to form a belief as to the allegations set forth in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7. Defendant Tower is and at all relevant times has been a Delaware limited liability company doing business in Illinois. At all relevant times Tower has been an "employer" as that term is defined in 42 U.S.C. § 2000e(b).

**ANSWER:** Admitted. Tower affirmatively denies that it ever employed Plaintiff.

### ALLEGATIONS RELEVANT TO ALL COUNTS

8. Davis Staffing is a staffing agency that regularly procures temporary employees to Tower for work at Tower's facility in Chicago, Illinois.

**ANSWER:** Tower admits only that Davis Staffing has previously referred its employees to provide temporary services to Tower at Tower's facility in Chicago, Illinois. Tower denies the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Plaintiff began her employment with Davis Staffing on December 27, 2013.

**ANSWER:** Tower lacks sufficient knowledge to form a belief as to the allegations set forth in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. At all relevant times during Plaintiff's employment with Davis Staffing, Davis Staffing had the right to control the manner and means of Plaintiff's work assignments and to make personnel decisions regarding Plaintiff's work for Davis Staffing.

**ANSWER:** Tower lacks sufficient knowledge to form a belief as to the allegations set forth in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. On or about March 22, 2016, Davis Staffing referred Plaintiff to work at Tower's facility in Chicago, Illinois.

**ANSWER:** Tower admits only that Plaintiff was referred by Davis Staffing to provide temporary services to Tower on or about March 22, 2016. Tower denies the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. At all relevant times during Plaintiff's employment with Tower, Plaintiff was supervised by Production Supervisor Robert Irby and other Tower employees. At all relevant times, one or more Tower supervisors had the right to control the manner and means in which Plaintiff performed her work assignments for Tower and to make personnel decisions regarding Plaintiff's employment with Tower.

**ANSWER:** Denied.

13. During Plaintiff's employment with Tower, Davis Staffing and Tower employed Plaintiff as joint employers.

**ANSWER:** Denied.

14. During her employment at Tower Automotive, Plaintiff performed her assigned tasks in a satisfactory and conscientious manner according to Tower's standards.

**ANSWER:** Denied.

15. Throughout Plaintiff's employment with Tower, she was subjected to unwelcome offensive, and sexually harassing conduct by her supervisor Robert Irby. This conduct included, but is not limited to, the following conduct:

    (a) On numerous occasions throughout her employment at Tower, Irby stroked Plaintiff's hands and arms while inviting her to take on shifts of overtime work. Each time Plaintiff told Irby that he did not need to touch her to talk to her.

    (b) While speaking to Plaintiff Irby would frequently look her up and down in what Plaintiff perceived as an overt sexual manner.

(c) On numerous occasions throughout her employment at Tower Automotive, Irby would stand in the corner and stare at plaintiff and other female employees.

(d) On one occasion, Irby told another employee who had been working with Plaintiff while Irby was on vacation, "she's mine, don't touch her, she's mine," referring to Plaintiff.

(e) On or about May 9, 2016, Irby approached Plaintiff from behind while she was working and pressed his body against hers. When Plaintiff turned around to see who was touching her, Irby placed his arms around her and forced her into an embrace. Plaintiff pushed him off of her and told him not to touch her.

(f) On numerous occasions after Plaintiff refused Irby's sexual advances, he threatened and attempted to intimidate her by telling her she was a temporary employee and could be fired at any time. For example, when Plaintiff requested a transfer to a shift not supervised by Irby, Irby threatened her, telling her she was a "temp" and should not ask for a transfer.

**ANSWER:** Denied.

16. On or about May 31, 2016, Plaintiff complained that she was being sexually harassed by Irby to Arceli Wherle, Tower's HR Generalist, and Gus Bello, Tower's HR Director.

**ANSWER:** Denied.

17. During Plaintiff's meeting with Wherle and Bello, without having conducted an investigation, Bello told Plaintiff he did not believe that Irby had touched her inappropriately.

**ANSWER:** Denied.

18. Plaintiff identified an employee who witnessed, at minimum, the May 9, 2016 incident in which Irby pressed himself against Plaintiff from behind and hugged her.

**ANSWER:** Denied.

19. That same day, Plaintiff also informed Amber Vargas, Davis Staffing's Job Placement Coordinator, that she had been subjected to sexual harassment while working at Tower.

**ANSWER:** Tower lacks sufficient knowledge to form a belief as to the allegations set forth in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. Both Tower and Davis Staffing failed to take any corrective action.

**ANSWER:** Denied.

21. Instead, on June 10, 2016, when Plaintiff arrived for her scheduled shift, a supervisor told her to report to Human Resources. When Plaintiff arrived at the Human Resources department office, the receptionist, Assad, informed Plaintiff without explanation that she had been discharged from Tower.

**ANSWER:** Denied.

22. On or about June 24, 2016, Davis Staffing assigned Plaintiff to work at Best Diamond Plastics. However, after working one day, Plaintiff resigned due to a medical issue.

**ANSWER:** Tower lacks sufficient knowledge to form a belief as to the allegations set forth in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. In or about August 2016, Plaintiff notified Davis Staffing that she was fit to return to work.

**ANSWER:** Tower lacks sufficient knowledge to form a belief as to the allegations set forth in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24. Davis Staffing did not assign Plaintiff any further work, despite receiving notice that Plaintiff was fit to return to work.

**ANSWER:** Tower lacks sufficient knowledge to form a belief as to the allegations set forth in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25. On July 19, 2016, Plaintiff filed a timely charge of discrimination with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") against Tower alleging that she had been discriminated against on the basis of her sex and retaliated against.

**ANSWER:** Admitted.

26. On March 1, 2017, Plaintiff filed a timely charge of discrimination with the Chicago District Office of the EEOC against Davis Staffing alleging that she had been discriminated against on the basis of her sex and for retaliation.

**ANSWER:** Tower lacks sufficient knowledge to form a belief as to the allegations set forth in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27. On September 25, 2017, the EEOC issued "right to sue" letters to Plaintiff with respect to both her charges. True and accurate copies of these letters are attached as Exhibit 1.

**ANSWER:** Tower admits that the EEOC's right to sue letter for Plaintiff's charge against Tower is dated September 25, 2017. Tower lacks sufficient knowledge to form a belief as to the remaining allegations set forth in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28. Plaintiff brings this action within 90 days of her receipt of the right to sue letters.

**ANSWER:** Tower admits that Plaintiff has filed this action within 90 days of receipt of the right to sue letter issued with respect to her charge against Tower. Tower lacks

sufficient knowledge to form a belief as to the remaining allegations set forth in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

### COUNT I - SEXUAL HARASSMENT
### (Against Defendant Tower Automotive)

29. Plaintiff incorporates as if fully restated all of the allegations previously written.

**ANSWER:** Tower hereby incorporates by reference as if fully set forth herein its above answers to Paragraphs 1 – 28 of Plaintiff's Complaint.

30. Plaintiff was subjected to unwelcome sexual harassment, including sexual advances and other verbal and physical conduct of a sexual nature, because of her sex.

**ANSWER:** Denied.

31. The sexually harassing conduct Plaintiff was subjected to because of her sex at the hands of Irby was persistent, unwelcome, offensive, humiliating, and had the effect of creating a hostile and intimidating work environment that unreasonably interfered with Plaintiff's work performance.

**ANSWER:** Denied.

32. Tower was aware of Irby's sexually harassing conduct towards Plaintiff but failed to take any corrective action to address the conduct. Instead, Tower Automotive discharged Plaintiff.

**ANSWER:** Denied.

33. The practices complained of above created a hostile and offensive work environment for Plaintiff, deprived Plaintiff of equal employment opportunities, and adversely affected Plaintiff's status as an employee because of her sex.

**ANSWER**: Denied.

34. The unlawful employment practices complained of above were intentional and were committed with malice or with reckless indifference to Plaintiff's federally protected rights.

**ANSWER:** Denied.

**COUNT II - SEXUAL HARASSMENT**
**(Against Defendant Davis Staffing)**

35. Plaintiff incorporates as if fully restated all of the allegations previously written.

**ANSWER:** Tower hereby incorporates by reference as if fully set forth herein its above answers to Paragraphs 1 – 34 of Plaintiff's Complaint.

36. Plaintiff was subjected to unwelcome sexual harassment, including sexual advances and other verbal and physical conduct of a sexual nature, because of her sex.

**ANSWER:** Denied.

37. The sexually harassing conduct Plaintiff was subjected to because of her sex at the hands of Irby and Tower was persistent, unwelcome, offensive, humiliating, and had the effect of creating a hostile and intimidating work environment that unreasonably interfered with Plaintiff's work performance.

**ANSWER:** Denied.

38. Davis Staffing was aware of Irby's sexually harassing conduct towards Plaintiff but failed to take any corrective action to address the conduct.

**ANSWER:** Denied.

39. The practices complained of above created a hostile and offensive work environment for Plaintiff, deprived Plaintiff of equal employment opportunities, and adversely affected Plaintiff's status as an employee because of her sex.

**ANSWER:** Denied.

40. The unlawful employment practices complained of above were intentional and were committed with malice or with reckless indifference to Plaintiff's federally protected rights.

**ANSWER:** Denied.

41. The sexually harassing conduct Plaintiff was subjected to because of her sex at the hands of Irby was persistent, unwelcome, offensive, humiliating, and had the effect of creating a hostile and intimidating work environment that unreasonably interfered with Plaintiff's work performance.

**ANSWER:** Denied.

**COUNT III – RETALIATION**
**(Against Defendant Tower)**

42. Plaintiff incorporates as if fully restated all of the allegations previously written.

**ANSWER:** Tower hereby incorporates by reference as if fully set forth herein its above answers to Paragraphs 1 – 41 of Plaintiff's Complaint.

43. Plaintiff engaged in activities protected by Title VII when she complained of Irby's sexually harassing conduct to Tower's Human Resources Department and to Davis Staffing.

**ANSWER:** Denied.

44. Tower Automotive took an adverse employment action against Plaintiff when it discharged her on June 10, 2016.

**ANSWER:** Denied.

45. Tower's decision to discharge Plaintiff was in retaliation for Plaintiff's complaint against Irby. The stated reasons for Plaintiff's discharge were not true reasons, but instead were pretext to hide Tower's retaliatory animus.

**ANSWER:** Denied.

## COUNT IV – RETALIATION
### (Against Defendant Davis Staffing)

46. Plaintiff incorporates as if fully restated all of the allegations previously written.

**ANSWER:** Tower hereby incorporates by reference as if fully set forth herein its above answers to Paragraphs 1 – 46 of Plaintiff's Complaint.

47. Plaintiff engaged in activities protected by Title VII when she complained of Irby's sexually harassing conduct to Tower's Human Resources Department and to Davis Staffing.

**ANSWER:** Denied.

48. Davis Staffing took an adverse employment action against Plaintiff when it refused to assign her to work after June 24, 2016, despite being aware that Plaintiff was ready, willing, and able to work.

**ANSWER:** Tower lacks sufficient knowledge to form a belief as to the allegations set forth in Paragraph 48 of Plaintiff's Complaint and therefore denies the same.

49. Davis Staffing's decision to stop assigning Plaintiff was in retaliation for Plaintiff's complaint against Irby and Tower. Davis Staffing's stated reasons for its conduct towards Plaintiff were not true reasons, but instead were pretext to hide Davis Staffing's retaliatory animus.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Tower did not employ Plaintiff.

3. Tower and Davis Staffing did not jointly employ Plaintiff.

4. Tower did not take any adverse actions against Plaintiff.

5. Plaintiff's damages, if any, are cut off by the assignment she received from Davis Staffing two weeks after the end of her assignment at Tower.

6. Plaintiff's damages, if any, are cut off by her voluntary resignation of her assignment at Best Diamond Plastics.

7. Plaintiff's damages, if any, are cut off by her failure to mitigate them properly.

8. Plaintiff's damages, if any, are mitigated by any compensation she received after her termination from Tower.

WHEREFORE, defendant, Tower Automotive Operations USA I, LLC, demands judgment as follows:

    (a)    Dismissing the plaintiff's Complaint on its merits and with prejudice;

    (b)    Awarding defendant all attorneys' fees, expenses and costs incurred in defending this action; and

    (c)    Awarding such other and further relief as this Court deems just and equitable.

Dated: January 26, 2018.	Respectfully submitted,

/s/ Ryan N. Parsons
Ryan N. Parsons, WI Bar No. 1079348
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900 (facsimile)
rparsons@foley.com

Attorneys for Tower Automotive Operations USA I, LLC